**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ALL AMERICAN RESOURCES, LLC, | ) | 3:14-cv-00442-LRH-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| CALAIS RESOURCES, INC., et al., | ) | |
| Defendants. | ) | |

Before the court is the motion of Defendants Calais Resources, Inc. and David Young ("Calais Defendants") to stay discovery. (Doc. # 11.)[1] Plaintiff All American Resources, LLC ("All American") opposed (Doc. # 12) and Defendant replied (Doc. # 15). The court heard arguments of counsel on Calais' motion on September 29, 2014. The court's decision was discovery should be stayed.

**BACKGROUND**

All American commenced its suit against the Calais Defendants in a complaint filed August 21, 2014. Jurisdiction was predicated, in part, "...upon Defendants' violation of United States Securities laws. 28 U.S.C. §1331; 15 U.S.C. § 78aa; *Securities Investment Protection Corp v. Vigman*, 764 F.2d 1309, 1314 (9th Cir. 1985)." (Doc. # 1 at 2.) The complaint asserts five causes of action, each of which is predicated upon certain stock subscription agreements and issuance of shares which were allegedly subject to certain restrictions which prevented the issuance of the shares of stock (mainly by reason of a "Cease Trade Order" which prohibited trading in stock). (*Id.* at 7.)

The Calais Defendants responded to Plaintiff's complaint with a motion to dismiss. (Doc. # 9.) All American opposed (Doc. # 13) and Defendants replied (Doc. # 15). The motion to dismiss is now under submission to Senior United States District Judge Larry R. Hicks.

---

[1] Refers to court's docket number.

**MOTION TO STAY DISCOVERY**

Subsequent to the filing of Defendants' motion to dismiss, the Calais Defendants have sought a stay of discovery. (Doc. # 11.) Defendants' argument is that in any action arising under the Private Securities Litigation Reform Act (PSLRA), "all discovery and other proceedings shall be stayed during the pendency of [the] motion to dismiss." 15. U.S.C.A. ¶¶ 772-1(b)(10), 786-4(b)(3)(B)." (Doc. # 11 at 2.)

All American opposed Defendants' motion, recognizing that while discovery on any PSLRA claims might be stayed, discovery should nonetheless be allowed to proceed on Plaintiff's non-PSLRA claims, including breach of contract, breach of the covenant of good faith and fair dealing and breach of fiduciary duty, citing *Tobias Holdings, Inc. v. Bank United Corp.*, 177 F.Supp.2d 162, 168 (S.D. NY 2001). (Doc # 12.) Plaintiff also argued even if "discovery" were stayed, the parties' disclosure obligations under Fed. R. Civ. P. 26(a) should proceed, citing *In re Comdisco Secur. Litig.,* 166 F.Supp.2d 1260, 1261 (N.D. IL 2001). Alternatively, All American suggested the court could permit "particularized discovery," citing *In re Royal Ahold N.V. Secur. & ERISA Litig.*, 229 F.R.D. 246, 250 (D. MD 2004). (Doc. # 12.)

In reply, the Calais Defendants argued that it is only where the "non-fraud state law claims are separate and distinct from the federal securities claims" that the stay is not otherwise mandatory, citing *Union Cent. Life Ins. Co. v. Ally Fin., Inc.*, 2012 U.S. Dist. Lexis 116606 at 11-12.[2] Because the various causes of action are neither separate nor distinct from the PSLRA claims, the Calais Defendants argue the stay of discovery as to all causes of action is "mandatory." (Doc # 15 at 3.)

The court finds that none of Plaintiff's non-PSLRA clams for relief can be considered "separate and distinct" from its PSLRA cause of action. The common thread throughout each of All American's claims is the issuance of stock. The court notes each of Plaintiff's "General Allegations" outlining the stock sales and subscriptions are incorporated by reference into each of the claims for relief which follow. (Doc. # 1 at 2-6.) Clearly, all of the claims arise from the same nucleus of events and therefore the statutory stay operates so as to bar discovery until the motion to dismiss (Doc. # 9) is decided.

---

[2] Also found at 2013 WL 3553052.

1 All American argues that even if "discovery" is stayed, the parties are still obligated to make their Fed. R. Civ. P. 26(a) disclosures. The court disagrees. The statutory stay extends to the parties' Rule 26 disclosures. *Medhekar v. U.S. Dist. Court for the N. Dist. Of Ca.*, 99 F.3d 325, 326 (9th Cir. 1996):

> We hold that the initial disclosure requirements of Fed. R. Civ P. 26(a) and related local rules are "discovery" or "other proceedings" for the purposes of the [PSLRA] Act's stay provision, and that such disclosures must be stayed pending the disposition of a motion to dismiss in an action covered by the Act. ***

*Medhekar*, 99 F.3d at 328, 329.

Last, in view of the Ninth Circuit's expansion interpretation of the breadth of the PSLRA stay, the court concludes the stay pertains not only to "discovery" but precludes the court from permitting the "particularized discovery" Plaintiff proposed be allowed to proceed. (Doc. # 12 at 2.)

Therefore, the Calais Defendants' motion (Doc. # 11) is **GRANTED.** Should Defendants' motion to dismiss be denied, the parties shall submit their L.R. 26-1(e) Discovery Plan and Scheduling Order within twenty (20) days of the date of any such order.

IT IS SO ORDERED.

DATED: October 8, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE